**FILED**

IN THE UNITED STATES DISTRICT COURT
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FOR THE DISTRICT OF NEW MEXICO

JAN 1 1 2007

MATTHEW J. DYKMAN
CLERK

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                 No. CR 06-01442 JB

THOMAS BEGAY JR.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Objections to Presentence Report, filed November 7, 2006 (Doc. 36)("Plaintiff's Objections"). The Court heard oral argument on these objections at the sentencing hearing on November 15, 2006. The primary issues are: (i) whether the Pre-sentence Report ("PSR") correctly concludes that more than minimal planning was involved in the commission of this offense; and (ii) whether Plaintiff Thomas Begay Jr. is the person that committed the crimes set forth in paragraphs 49, 50, and 51 of the PSR. For the reasons stated at the sentencing hearing, and for reasons consistent with those already given, the Court concludes that more than minimal planning was not involved in the offense and therefore sustains the objection to the two-level enhancement for planning contained within paragraph 37; the Court also finds that available information supports the contents of paragraphs 49, 50, and 51, and thus overrules the objections to those paragraphs.

## PROCEDURAL BACKGROUND

On November 7, 2006, Begay made objections to the PSR. See Plaintiff's Objections at 1. On November 9, 2006, the probation officer disclosed an Addendum to the PSR, which responded

to Begay's objections. <u>See</u> Addendum to the Pre-Sentence Report at 2, disclosed November 9, 2006 ("Addendum"). Probation did not agree with any of Begay's objections. <u>See</u> <u>id.</u> at 1-2.

<u>**ANALYSIS**</u>

The Court has already sustained a similar objection to the planning enhancement for Begay's co-Defendant, Anslem Allen. <u>See</u> <u>United States v. Anslem Allen</u>, No. 06-CR-01442, Clerk's Minutes at 1, filed November 9, 2006 (Doc. 39). The Court will thus sustain the objection to paragraph 37 here. The Court will overrule Begay's objections to paragraphs 49, 50, and 51. Based upon the information available to the Court, the Court is satisfied that Begay is correctly identified in paragraphs 49, 50, and 51 of the PSR.

    1.    <u>**Paragraph 37.**</u>

The parties stipulated in the plea agreement that not more than minimal planning was involved in the commission of this offense. <u>See</u> Plea Agreement ¶ 8, at 4. Nevertheless, in paragraph 37 of the PSR, Probation concluded that more than minimal planning was involved. <u>See</u> PSR ¶ 37, at 11. As stipulated in the plea agreement, however, the PSR did not increase the offense level for more than minimal planning. <u>See</u> <u>id.</u> The total offense level remains at 19. <u>See</u> <u>id.</u> ¶ 45, at 12. Begay objects to paragraph 37 of the PSR, arguing that it incorrectly concludes that more than minimal planning was involved. <u>See</u> Plaintiff's Objections at 1-2.

The author of the PSR used the information that the case agents provided, and concluded that Begay and Allen planned the attack on the victim. <u>See</u> Addendum at 1. According to Begay's and Allen's statements, they discussed and agreed to return to the victim's residence to retaliate against an alleged assault that the victim committed against Allen. <u>See</u> <u>id.</u> They obtained weapons from Begay's vehicle, which they used in the attack. <u>See</u> <u>id.</u> Begay and Allen obtained a tire iron, claw-

-2-

hammer, and a rock to be used in the attack. See id. Further, when the attack was completed, Begay

and Allen stated that they cleaned all evidence of blood off the weapons, and discarded the claw-

hammer and the rock. See id. In addition, Begay and Allen admitted to washing the blood-soaked

clothes they wore during the assault. See id. Based on this information, it appeared to Probation that

more than minimal planning was involved in the commission of the offense. See id.

Moreover, according to the victim, Begay and Allen did not appear to be intoxicated to the

point of not being aware of what they were doing. See id. At the time of the offense, no blood

alcohol tests were taken on Begay and Allen to determine if they were intoxicated. See id. The

victim stated that neither Begay or Allen staggered or appeared disoriented during the attack. See

id.

The investigation that goes into preparing the PSR is an independent look at the elements in

the offense. See id. While the parties' stipulation does not bind the Court, see U.S.S.G. §6B1.4(d),

the facts support the parties' stipulation. Begay and Allen had been drinking. See Plaintiff's

Objections at 1. Allen said that he had been attacked at the victim's residence the previous evening.

See id. Begay and Allen went to the victim's residence. See id. After they arrived at the residence,

and before they approached the residence, they retrieved from the trunk of their vehicle a hammer

and tire iron, and picked up a rock from the ground. See id. Begay and Allen do not appear to have

given any other prior thought to those items. Such acts do not amount to "more planning than is

typical for commission of the offense in a simple form." U.S.S.G. Manual § 2A2.2 cmt. n.2 (2005).

Furthermore, Begay took no significant steps to conceal the offense. Begay and Allen did

nothing to hide their identities, even though Allen was well known to the victim. See Plaintiff's

Objections at 1. After they left the victim's residence, Begay discarded the rock he had picked up.

See id. at 1-2.  He also discarded the hammer and removed the blood from the tire iron.  See id. at 2.  He did not discard the tire iron or his clothes that contained some of the victim's blood, even though they could be used as evidence against him.  See id.  Begay washed those clothes to wear them again.  See id.  Begay's actions are not "significant affirmative steps to conceal the offense."  Id.

2.    **Paragraphs 49, 50, and 51.**

Probation concluded that Begay earned five criminal history points, which established a criminal history category of III.  See PSR ¶ 52, at 16.  In calculating the defendant's criminal history, the United States Probation Office uses court records, police reports, and judgments to assess the validity of each criminal record.  See Addendum at 2.  For the offense in paragraph 49, Begay's date of birth, social security number, and identifying tattoos matched that of the defendant.  See id.  For the offense in paragraph 50, the defendant's date of birth, and New Mexico Driver's License number matched that of Begay.  See id.  Further, for the offense set forth in paragraph 51, the date of birth and social security number match that of Begay.  See id.  Furthermore, the criminal history entries are contained in Begay's National Crime Information Center ("NCIC") report, which is based off fingerprint analysis to determine the identity of each individual.  See id.  Probation concluded that the criminal history is complete and accurate.  See id.

Begay objects to paragraphs 49, 50, and 51 of the PSR.  See Plaintiff's Objections at 2.  Begay contends that the individuals to which paragraphs 49, 50, and 51 refer are not him.  See id.  He thus argues that the Court should not count the criminal history points in this case and that the calculation of his criminal history in paragraph 52 of the PSR is incorrect.  See id.  He maintains that the Court should consider him as having a criminal history category of I.  See id.

Begay submits that, after the Court removes from consideration the offenses in paragraphs 49-51 of the PSR, Begay has a total of two criminal history points, which establishes a criminal history category of II.  See id.  Begay contends, however, that allocating two points for the misdemeanor conviction in paragraph 47 of the PSR, his only relevant prior criminal history, over represents the seriousness of that offense for purposes of this sentencing.  See id.  Begay failed to attend a court-ordered domestic violence counseling program.  See id.  Begay suggests that, had he completed that program, the misdemeanor charge likely would have been dismissed.  See id.  Begay suggests that, at the very least, the court would not have imposed a term of imprisonment.  See id.  Begay therefore argues that the Court should allocate one criminal history point for that misdemeanor conviction and consider Begay's criminal history category as I.  See id.

The Court is satisfied that verifiable information supports the contents of paragraphs 49, 50, and 51.  With respect to the probative value of the NCIC report, in particular, the Court notes the United States Court of Appeals for the Tenth Circuit's decision in United States v. Martinez-Jimenez, 464 F.3d 1205 (10th Cir. 2006).  The Martinez-Jimenez Court stated:

> In United States v. Madrid-Flores, 129 Fed.Appx. 401 (10th Cir. 2005) (unpublished), the defendant "argued through counsel at sentencing that he had not committed one of the prior crimes enumerated in the PSR, for which he received one criminal history point." Id. at 402. We noted, however, that "the probation officer represented to the court that a records check was performed based on NCIC fingerprint comparisons and the records indicated that [the defendant] did in fact commit the prior crime at issue" and that the defendant "offered no evidence to the contrary." Id. We therefore concluded that "[t]he district court thus did not err in finding that [the defendant] committed the prior crime." Id.
>
> * * * *
>
> See United States v. Zuniga-Chavez, . . . 464 F.3d 1199, 1205 (10th Cir. 2006) ("Because Defendant did not argue that any persuasive contradictory evidence tended to show that he was not convicted of the crimes used to enhance his sentence, we

conclude that the government has met its burden of showing the prior convictions by a preponderance of the evidence.").

United States v. Martinez-Jimenez, 464 F.3d at 1210-12.  Because Begay did not present evidence to contradict the NCIC report, the Court will treat the NCIC report as a firm basis for the contents of paragraphs 49, 50, and 51.

Moreover, the Court does not believe that a criminal history category of II over represents Begay's criminal history or the possibility of future criminal conduct.  As such, the Court rules that, even if it were to sustain the objections to paragraphs 49, 50, and 51, Begay would still have a criminal history category of II.

**IT IS ORDERED** that the Plaintiff's Objections to Presentence Report are sustained in part and denied in part.  The Court sustains Begay's objection to paragraph 37, and overrules his objections to paragraphs 49, 50, and 51.

UNITED STATES DISTRICT JUDGE

*Counsel*:

Kyle Nayback
  Assistant United States Attorney
Albuquerque, New Mexico

   *Attorney for the Plaintiff*

David A. Streubel
Kelley-Streubel, LLC
Albuquerque, New Mexico

   *Attorney for the Defendant*

-6-